IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MOTORSPORTS INVESTMENT, INC., a Hawaii corporation, and HAWAII MOTORSPORTS CENTER LIMITED PARTNERS,<br><br>Plaintiffs,<br><br>vs.<br><br>CLAYTON GROUP SERVICES, INC., formerly known as CLAYTON ENVIRONMENTAL ENGINEERING and CLAYTON ENVIRONMENTAL CONSULTANTS, INC., now known as BUREAU VERITAS NORTH AMERICA, INC., a Delaware corporation doing business in Hawaii; DOES 1-10,<br><br>Defendant.<br>_____ | CV. NO. 09-00304 SOM-BMK<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT'S BILL OF COSTS BE GRANTED IN PART AND DENIED IN PART |

FINDINGS AND RECOMMENDATION THAT DEFENDANT'S BILL OF COSTS BE GRANTED IN PART AND DENIED IN PART

Before the Court is Defendant Bureau Veritas North America, Inc.'s ("Defendant") Bill of Costs.[1]  (Doc. # 180.)  Plaintiffs Hawaii Motorsports

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

Investment, Inc. and Hawaii Motorsports Center Limited Partners ("Plaintiffs") oppose the Bill of Costs.  (Doc. # 184.)  After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Defendant's Bill of Costs be GRANTED IN PART and DENIED IN PART.  Specifically, the Court FINDS that Defendant is the prevailing party and RECOMMENDS that the district judge tax $22,489.76 in costs against Plaintiffs and in favor of Defendant.

## BACKGROUND

On June 3, 2009, Plaintiffs filed the instant action in the Circuit Court for the First Circuit, State of Hawaii ("state court").  (Notice of Removal Ex. A.)  Defendant removed the action from state court to this Court on the basis of diversity jurisdiction.  (Id. ¶ 2.)  Plaintiffs later amended their complaint and on April 15, 2010, Defendant moved for summary judgment as to Plaintiffs' second cause of action.  (Docs. ## 39, 95.)  On May 31, 2010, Defendant moved for summary judgment as to Plaintiffs' remaining claims.  (Docs. ## 115, 117, 119.)  Chief Judge Susan Oki Mollway granted Defendant summary judgment on Plaintiffs' second cause of action on June 29, 2010.  (Doc. # 141.)  On August 27, 2010, Chief Judge Mollway granted Defendant summary judgment on Plaintiffs' remaining claims.  (Doc. # 178.)  Final judgment was entered in favor of Defendant pursuant to the summary judgment orders.  (Doc. # 179.)

## DISCUSSION

On September 10, 2010, Defendant filed a Bill of Costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP"). (Doc. # 180.) Rule 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In this case, there is no dispute that Defendant is the prevailing party. The Court therefore FINDS that Defendant is entitled to recover costs pursuant to Rule 54(d)(1). The Court now turns to the amount of the entitlement.

Courts have wide discretion in awarding costs under Rule 54(d)(1). Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citations omitted). However, courts may not tax costs beyond those enumerated in 28 U.S.C. § 1920. Id. (citation omitted). Section 1920 permits courts to tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In this case, Defendant seeks taxation of $23,753.21 in costs as itemized below:

| | |
|---|---|
| Fees of the Clerk | $ 350.00 |
| Fees for service of summons and subpoena | $ 900.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $16,572.83 |
| Fees and disbursements for printing | $ 4,470.38 |
| Fees for witnesses | $ 1,200.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $   260.00 |
| TOTAL | $23,753.21 |

(Doc. # 180 at 1.) Plaintiffs object to Defendant's following requests: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case ("fees for transcripts"), (2) fees for witnesses, and (3) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case ("copying costs"). The Court addresses Plaintiffs' objections in turn.

I.      Fees for Transcripts

Plaintiffs object to Defendant's request for $63.45 in costs paid to a court reporting firm for a request for production of documents from Lokahi

4

Ventures. (Opp'n at 2-3.) Plaintiffs contend that Defendant cancelled the request and did not obtain any documents from Lokahi Ventures. (Id. at 3.) The Court notes that Defendant did not attach any invoice in support of the cost requested. See Local Rule LR54.2(c) ("Any vouchers, bills, or other documents supporting the costs being requested shall be attached as exhibits."). The Court also notes that Defendant described this cost as an "advance." (See Bill of Costs Ex. C at 2.) Because there is no evidence that Defendant obtained any documents from Lokahi Ventures for use in the case, the Court RECOMMENDS that Defendant's request as to this cost be DENIED.

Plaintiffs also object to Defendant's request for costs for color copies of photographs that were exhibits to deposition transcripts. (Opp'n at 3-4.) Plaintiffs argue that the cost for said copies should be limited to $0.15 per page pursuant to Local Rule 54.2(f)(4). (Id.) The Court, however, finds that this request is governed by Local Rule 54.2(f)(2). This Local Rule provides, "The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable." Local Rule LR54.2(f)(2). Because deposition transcripts include the exhibits attached thereto, the Court concludes that Defendant may recover the costs for the color copies of the photographs. Accordingly, the Court RECOMMENDS that Defendant's request as

5

to these costs be GRANTED.

II.    Fees for Witnesses

Plaintiffs object to Defendant's request for $1,200 in fees it paid to Plaintiffs' expert, Douglas Hazelwood.  (Opp'n at 6-7.)  Defendant deposed Hazelwood on May 27, 2010 and paid his fees for his time spent in the deposition pursuant to FRCP Rule 26(b)(4).  (Id. at 6; Bill of Costs Ex. E.)  Defendant, however, argues that said fees "exceeded the normal fee required to be paid pursuant to 28 U.S.C. § 1821."  (Bill of Costs Ex. E.)

Rule 26(b)(4) provides, "A party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Fed. R. Civ. P. 26(b)(4)(A).  The Rule further provides, "Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ."  Fed. R. Civ. P. 26(b)(4)(C)(i).  Because in this case, Defendant sought Hazelwood's deposition, Defendant is required to pay Hazelwood's reasonable witness fees for his attendance.  The Court therefore RECOMMENDS that Defendant's request as to Hazelwood's fees be DENIED.

III.   Copying Costs

Plaintiffs object to Defendant's request for costs for color copies.

(Opp'n at 4.)  Defendant seeks costs for color copies in the amounts of $0.49 and $0.98 per page.  (Id.)  Plaintiffs argue that copying costs are limited to $0.15 per page pursuant to Local Rule 54.2(f)(4).  (Id.)  Contrary to Plaintiffs' argument, only internal copying costs are limited to $0.15 per page.  Local Rule LR54.2(f)(4).  External copying costs may be taxed at the "actual cost charged by commercial copiers, provided such charges are reasonable."  Id.  The Court, however, notes that the party seeking recovery is required to "submit[ ] an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  Id.  Defendant failed to submit such an affidavit.  Rather, the required information appears in Defendant's memorandum in support of the Bill of Costs and exhibits.  The Court notes that should counsel submit a bill of costs in future cases, he must adhere to the requirements of Local Rule 54.2.  Nevertheless, the Court will consider the information provided because there does not appear to be any dispute as to the accuracy of the information.  See Black v. City & County of Honolulu, Civ. No. 07-00299 DAE-LEK, 2010 WL 653026, at *22 (D. Haw. Feb. 22, 2010).  After reviewing the information provided, the Court finds that the costs for the color copies were reasonable.  The Court therefore RECOMMENDS that Defendant's request as to these costs be GRANTED.

Lastly, Plaintiffs object to Defendant's request for costs for copies of "trial exhibits." (Opp'n at 4-5.) Plaintiffs argue that Defendant failed to adequately describe the documents copied. (Id.) The Court finds that the description "trial exhibits" is sufficient. Accordingly, the Court RECOMMENDS that Defendant's request as to these costs be GRANTED.

## CONCLUSION

As stated above, the Court FINDS and RECOMMENDS that Defendant's Bill of Costs be GRANTED IN PART and DENIED IN PART. Specifically, the Court FINDS that Defendant is the prevailing party and is therefore entitled to recover costs pursuant to Rule 54(d)(1). The Court RECOMMENDS that the district judge tax $22,489.76[2] in costs against Plaintiffs and in favor of Defendant.

IT IS SO FOUND AND RECOMMENDED.



DATED: Honolulu, Hawaii, September 30, 2010.

  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

[2] $23,753.21 - $63.45 - $1,200.00 = $22,489.76.

Hawaii Motorsports Investment, Inc., et al. v. Clayton Group Services, Inc., et al., CV. NO. 09-00304 SOM-BMK, FINDINGS AND RECOMMENDATION THAT DEFENDANT'S BILL OF COSTS BE GRANTED IN PART AND DENIED IN PART.